IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00181-WDM-KLM

ORBITCOM, INC.,

    Plaintiff,

v.

QWEST COMMUNICATIONS CORPORATION,

    Defendant.
_____

## ORDER GRANTING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Unopposed Motion to Stay Pending Determination of Plaintiff's Motion for Remand** [Docket No. 9; Filed March 12, 2009] (the "Motion"). Plaintiff has filed a Motion to Remand [#8] on the basis of jurisdiction and the parties agree that until resolution of that issue, a stay is justified to conserve Court and party resources.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Although stays are generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay

discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Stays have frequently been imposed when the Court's subject matter jurisdiction is in doubt. *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same). Further, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest to prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED**, except for the parties' briefing on the Motion to Remand [#8], until such time as the Motion to Remand is resolved.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 30, 2009

at 10:30 a.m. is **vacated** and will be reset, if appropriate, after the District Court's determination on the Motion to Remand.

Dated: March 16, 2009

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix