IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00181-WDM-KLM

ORBITCOM, INC.,

     Plaintiff,

v.

QWEST COMMUNICATIONS CORPORATION,

     Defendant.

_____

### ORDER DENYING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Defendant's Motion for Temporary Stay of Proceedings Pending Resolution of Petition to Compel Arbitration, and to Vacate Scheduling Order** [Docket No. 26; Filed May 22, 2009] (the "Motion"). Due to Defendant's request for "expedited consideration," the Court set a truncated briefing schedule.  Plaintiff filed a Response in opposition to the Motion on June 3, 2009 [Docket No. 26] and Defendant filed a Reply on June 5, 2009 [Docket No. 31].   The Court notes that the case was briefly stayed while Plaintiff's jurisdiction-based Motion to Remand [Docket No. 8] was resolved [Docket No. 11].   At that time, the parties agreed that a stay was justified to conserve Court and party resources while the jurisdictional issue was adjudicated.   The Motion to Remand was withdrawn on April 1, 2009 [Docket No. 15], the stay expired, and case deadlines have been set [Docket No. 25].  Now pending is Defendant's Motion to Stay Proceedings and Petition to Compel Arbitration [Docket No. 18] ("Motion to Arbitrate).   The Motion to Arbitrate has not been referred to this Court for resolution.   On the basis of the

Motion to Arbitrate, Defendant seeks to stay discovery in this case until the validity of the parties' alleged arbitration agreement is established.  The present Motion has been fully briefed and is ripe for resolution.

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

Stays are generally disfavored in this District.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision).  However, a stay may be appropriate in certain circumstances, as was the case previously when the parties agreed that a stay was warranted until jurisdictional issues could be resolved.  Now that the parties disagree as to the merits of a stay going forward, the Court weighs several factors in making a determination regarding the propriety of a stay.  *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test).  The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general.  *Id.* Here, those factors weigh against entry of a stay.

First, the Court notes that Plaintiff opposes a stay and expresses an interest in proceeding expeditiously with its case.  This is a reasonable position, as I have generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed.  As such, delay may diminish Plaintiff's ability to proceed and may impact its ability to obtain a speedy resolution of its claims.  Second, in contrast, Defendant does not suggest any *undue* burden in proceeding with the case.  The ordinary burdens

2

associated with litigating a case do not constitute undue burden.  *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (unpublished decision).   Although Defendant has a pending Motion to Arbitrate which, if successful, justifies the imposition of a stay during the pendency of the arbitration, the Motion is not based on grounds typically warranting the imposition of a stay.   More specifically, while Courts have frequently imposed a stay when compelling issues relating to jurisdiction or immunity have been raised, cf. *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue), Defendant admits in its Motion to Arbitrate that a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement.  *Motion to Arbitrate* [#18] at 7-8 (citing 9 U.S.C. § 3).   As the Motion to Arbitrate is not referred to me, I take no position as to Defendant's likelihood of success, except to note that both parties have asserted reasonable positions.[1]  On balance, the Court finds that consideration of these two

---

[1]  The Court distinguishes its holding with the holding in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors,* 357 F. Supp. 2d 1277, 1278, 1280-81 (D. Colo. 2004) where an arbitration proceeding involving similar issues was pending.  According to Plaintiff, no arbitration proceeding has commenced in this case. *Response* [#30] at 3.  Moreover, Defendant's failure to commence arbitration regarding its alleged counterclaim is difficult to understand, given that Defendant is requesting that this Court compel arbitration on Plaintiff's claims.  Defendant's request for an order compelling arbitration and its simultaneous decision not to commence the arbitration itself is easily construed as manifesting a primary interest in delay. Further, I credit Plaintiff's contention that extensive upfront discovery is unlikely in this case, and that even if some discovery is undertaken prior to resolution of the Motion to Arbitrate, it would be equally useful in any arbitration.  *Id.* at 6.  This is particularly persuasive considering that the arbitrator could provide for additional discovery to be conducted even after an arbitration is commenced.  *See Reply* [#31] at 3 (noting that arbitrator may permit additional discovery under the rules applicable to arbitration).  Moreover, given Plaintiff's indication of its relatively modest financial position compared to Defendant's, conducting extensive (hence expensive) discovery seems contrary to Plaintiff's interests.  Finally, I note Plaintiff's stipulation that the parties' participation in discovery does not constitute a waiver of Defendant's right to arbitrate this case should the District Judge conclude that arbitration is warranted.  *Response* [#30] at 4.

3

factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.  None of these factors prompts the Court to reach a different result.  The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable.  This is particularly true when the stay is tied to a pending motion for which ultimate success is not guaranteed.   While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation.   Under these circumstances, the Court finds that a stay of the case is not warranted.

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the deadline for pleading amendment, including the filing of any counterclaims, to **ten (10) days** after the District Judge resolves the Motion to Arbitrate, if appropriate.

Dated:  June 15, 2009

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix