**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-00181-REB-KLM

ORBITCOM, INC.,

    Plaintiff,

v.

QWEST COMMUNICATIONS CORPORATION,

    Defendant.

**ORDER DENYING QWEST'S MOTION FOR ATTORNEYS' FEES**

**Blackburn, J.**

The matter before me is defendant **Qwest's Motion for Attorneys' Fees** [#39], filed July 31, 2009. I deny the motion.

Defendant's request for attorney fees is premised on the language of the parties' Wholesale Services Agreement, which the court found required arbitration of the claims sought to be prosecuted in this lawsuit.[1] (**See Order on Motion To Stay and To Compel Arbitration** at 7 [#37] filed June 25, 2009.) Because that agreement further contemplates that any party who fails to comply with the arbitration provisions of the contract "shall reimburse all of the costs and expenses incurred by the Party seeking such enforcement (including reasonable attorneys' fees)" (Def. Motion App., Exh. 1 at 5,

---

[1] This case was originally drawn to Senior Judge Walker D. Miller, who granted defendant's motion to stay pending arbitration and invited it to file the instant motion for attorneys' fees. (**See Order on Motion To Stay and To Compel Arbitration** [#37] filed June 25, 2009.) Thereafter, new counsel for plaintiff entered his appearance, and Judge Miller recused himself based on a familial affiliation with counsel's firm. (**See Order of Recusal** [#44] filed August 25, 2009.) The matter was then reassigned to me.

¶ 21.1), defendant was invited to submit the instant motion.  (**Order on Motion To Stay and To Compel Arbitration** at 7, ¶ 3 [#37], filed June 25, 2009.)

Defendant's motion seeks $14,963.00 in attorney fees – $6,710 attributable to fees incurred in the preparation of defendant's motion to stay in favor of arbitration and $8,253 in fees incurred in otherwise responding to the lawsuit.  Counsel for defendant represents that his discounted hourly rate for this litigation was $315.00 and that he spent 21.3 hours on the motion to stay and its reply and an additional 26.2 hours on the remaining matters.  In addition, he has appended the affidavit of an independent attorney opining that the hourly rate and amount of time expended are reasonable.

What defendant's motion fails to include, however, are the actual client invoices and/or billing records from which these calculations were drawn.  Assuming *arguendo* that it was appropriate for a five-year partner, even billing at a discounted rate, to prepare all of the briefing in this matter,[2] there is no evidence, other than the *ipse dixit* affidavits, that would allow me to conclude that defendant's fee request is reasonable.  Even if plaintiff had not alluded to some of the questionable line items in the underlying invoices, which it was apparently allowed to review, I am neither required nor inclined to accept counsel's mere say-so that the number of hours he expended in defending this matter was reasonable.  Moreover, the fact that the amount of hours expended might be reasonable in general gives me no basis on which to properly conclude that any

---

[2]  It is not at all clear to me that such a staffing decision was warranted in this matter, which does not appear to present particularly complex or difficult legal issues.  **See Ursic v. Bethlehem Mines**, 719 F.2d 670, 677 (3rd Cir. 1983) ("A  fee applicant cannot demand a high hourly rate – which is based on his or her experience, reputation, and presumed familiarity with the applicable law – and then run up an inordinate amount of time researching that same law. . . . Nor do we approve the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates.  Routine tasks, if performed by senior partners in large firms, should not be billed at their usual rates.  A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn.").

particular portion of that time was reasonably necessary here.

In short, there is nothing in the record that would allow me to conclude that defense counsel exercised the type of billing judgment that must be part of the reasonableness calculation. **See Hensley v. Eckerhart**, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) ("'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'") (quoting **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphases in **Copeland**)). **See also Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996). For this reason, I deny its motion for attorney fees.

**THEREFORE, IT IS ORDERED** that **Qwest's Motion for Attorneys' Fees** [#39], filed July 31, 2009, is **DENIED**.

Dated October 1, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3